It is clear, of course, that if the debt here sued upon became due and payable·at the death of Jackson, then we are not inter-· ested in the question as to whether or not the statute of limitations is applicable under the sections of the revised statutes heretofore quoted, for the reason that the limitation would not run except from the date when the debt became due.  The answer, being simply a general denial, does not raise the question of the statute of limitations.

Our finding is for the plaintiff in the amount indicated in the foregoing opinion.

---

## DISCRETION AS TO STRIKING A SHAM PLEADING FROM THE FILES.

Common Pleas Court of Hamilton County.

DANIEL W. McGRATH v. THE CHARLES McCAUL COMPANY, A CORPORATION.

Decided, May 8, 1919.

*Pleading—An Answer and Cross-Petition Will Not be Stricken from the Files as a Sham—When a Material Allegation Contained Therein is Not Denied by Plaintiff.*

In an action by a sub-contractor for recovery of an amount claimed to be due him for work and material entering into the construction awarded to the principal contractor, a motion does not lie to strike from the files the answer and cross-petition of the principal contractor on the ground that it was not filed in good faith and is a sham as shown by inconsistencies between the statements as to the amount remaining due as stated in the answer and in an affidavit subsequently filed with the owner giving the amounts due the several sub-contractors for material or labor furnished or to be furnished by them, where the principal contractor has alleged that the plaintiff sub-contractor did not complete his work and the amount named in the cross-petition was the expense incurred in completing what plaintiff had left undone.

*Webber, McCoy & Jones* and *Philip Roettinger,* for the motion.

*Pogue, Hoffheimer & Pogue,* contra.

DIXON, J.

Heard on motion of the plaintiff to strike defendant's answer and cross-petition from the files for the reason that the same is a sham, is filed for delay, is not filed in good faith, and is an imposition upon the court and a fraud upon the plaintiff.

This action was brought by the plaintiff to recover from the defendant company, which has the general contract for the erection of the new Hamilton County Court House building, the sum of $14,458.35, with interest from the 1st day of March, 1918, which plaintiff claims is the balance due him on a contract entered into with defendant, under which plaintiff was to furnish certain material and labor for the erection of said building. By the terms of the contract plaintiff was to be paid monthly in a sum equal to the value of the work erected in place in said building during the preceding calendar month, less ten per cent. of such payments, which was to be reserved by defendant until ninety days after the contract had been completed by plaintiff and the work and material approved and accepted. Plaintiff claims that he has fully performed his part of the contract, excepting as to a small item thereof from the performance of which he was relieved by defendant; that more than ninety days have elapsed since he completed his work, and that his work and the material furnished by him under said contract have been approved and accepted by the defendant.

In its answer the defendant company admits that it entered into a contract with the plaintiff and that plaintiff agreed, for a stipulated price, to furnish certain material and labor for the Court House building, but denies that plaintiff has completed his contract and specifies numerous instances in which it claims that plaintiff has defaulted. Defendant further alleges that it was obliged to take over the work of completing plaintiff's contract upon his refusal to complete same, and that said contract has not been completed, nor has plaintiff's work or material been

approved and accepted. Defendant further claims that plaintiff has been paid all he is entitled to receive under his contract, and that it is withholding the stipulated retained percentage provided by the contract, which sum it proposes to charge with the cost of completing plaintiff's work and with any damages it may incur through plaintiff's alleged default.

By way of counter-claim the defendant company seeks to recover from plaintiff the sum of $4,907.33, with interest, which it claims by reason of expenses incurred in proceeding with the completion of plaintiff's contract and damages sustained through his default.

The petition was filed on June 14, 1918; the answer and counter-claim on October 17, 1918; and the motion to strike on March 18, 1919.

For evidence in support of their motion, counsel for plaintiff rely chiefly upon a certain affidavit which was prepared by the defendant company and filed with the Court House Commissioners some time in January, 1919.

Schedule "A" attached to this affidavit purports to set forth a complete list of all sub-contractors and firms that have furnished labor and material for the construction of the Hamilton County Court House to whom balances are due and shows the amounts due each of said sub-contractors for all work and material furnished for said building up to and including the month of November, 1918, but does not include the retained percentage. Under this schedule it appears that there is due plaintiff the sum of $1,019.60. It is in evidence that no work or material was furnished by plaintiff on or for said building between the months of October, 1918, and January, 1919.

Schedule "B" of said affidavit contains a complete list of all sub-contractors who have furnished labor and material, or who will furnish labor and material, toward the completion of said Court House and the amounts that will be due each of said sub-contractors at and upon the completion of said building, which amounts include the retained percentage. In this schedule the sum of $14,221.91 appears after the name of the plaintiff.

Schedule "C" of said affidavit is a full list of said sub-contractors and the amounts due them at said completion for the

retained percentage due them. In this schedule the sum of $9,424.03 appears after the name of plaintiff.

Plaintiff claims that the filing of this affidavit by the defendant company several months after defendant filed its answer and counter-claim in this action is, in effect, a virtual admission under oath of the claim made in plaintiff's petition and a complete nullification of defendant's defenses and counter-claim.

Is this contention correct?

From the synopsis of the petition set forth above it appears that payment, under the contract between plaintiff and defendant, was conditioned upon the completion by plaintiff of his contract and the approval and acceptance of his work, all of which he claims was done. Defendant, however, denies that plaintiff has completed his work, and as a natural consequence denies that his work has been approved and accepted.

While it is true that there may be some inconsistency between the recitals in the affidavit referred to above and the claims made by the defendant company in this action, I am unable to find any recital in the affidavit which in any degree tends to repudiate defendant's claim that plaintiff has not completed his contract and that his work has not been approved and accepted. Nowhere in the affidavit does such an admission appear, nor is there anything in the affidavit which can be construed as a confession or admission on the part of the defendant company that it is indebted to the plaintiff in the amount claimed in the petition or in any other approximate amount. All that can be claimed from the affidavit, in my judgment, is, that the recitals with respect to Schedule "B," upon which plaintiff apparently relies, indicate that upon the completion of the building there will be due plaintiff the sum specified in that schedule, with the provision, of course, which does not appear in the affidavit, that the plaintiff carries out and performs his contract, without which the building could not be completed. In other words, it would appear from the affidavit that plaintiff's right to be paid the sum specified in Schedule "B" is predicated upon the completion of the building, and, whether rightfully or wrongfully, the court is constrained to take judicial notice of the fact that the new Court House is not yet completed.

In *White* v. *Calhoun et al,* 83 Ohio St., 401, where the right of the trial court to entertain, hear and determine a motion to strike off an answer believed to be a sham answer is specifically recognized, the opinion closes with the following admonition on page 407:

"It may be proper to add, in order to prevent misunderstanding, that the discretion of the court in such case should be exercised wisely and with discrimination, and such motion sustained only upon such showing upon the part of the plaintiff as leaves no question whatever of the truth and conclusiveness of the plaintiff's evidence. A situation in which there is a conflict of evidence upon any material point, or admitting of a rational doubt as to the proper order to be made, should result in the overruling of the motion."

In the face of this language, and in view of the allegations of the answer and cross-petition and the recitals of the affidavit, I am not at all convinced that the evidence adduced by plaintiff warrants the exercise of any drastic power by the court, and the motion is therefore overruled.